In the Matter of the Estate of JAMES A. GALLAGHER, Deceased.

Surrogate's Court, New York County, October 18, 1932.

*James J. Flood,* for the public administrator.

*Frederick Weiss,* for the petitioner.

O'BRIEN, S.   This is an application by the public administrator to revoke letters of administration issued to one Katherine Gallagher, also known as Katherine Baker, upon the ground that the respondent is not the widow of the intestate and obtained the letters of administration under a false statement that she was such widow.   The evidence discloses that in 1915 the respondent was married to Mr. Baker.   Shortly thereafter he disappeared and she has not seen or heard from him since.   She has never obtained any divorce from Mr. Baker.   In 1921, without having applied to the Supreme Court under section 7-a of the Domestic Relations Law for a dissolution of her marriage to Mr. Baker by reason of the absence of the latter, she entered into an alleged common-law marriage with the intestate. After several hearings and the taking of testimony I find that the evidence presented is insufficient to warrant a finding that she is the common-law widow of James Gallagher.   (*Matter of Kennedy,* N. Y. L. J. Aug. 14, 1931.)   I, therefore, hold that she is not the widow of the intestate and that the application to revoke letters of administration issued to her must be granted.   Letters will issue to the public administrator who appears on behalf of the intestate's

father and mother who are his only distributees and who are non-resident aliens.

A further question was presented as to the ownership of a savings bank account in the Union Dime Savings Bank. This account was opened on February 17, 1927, in the joint names of James A. Gallagher and Katherine Baker in the following language: " either to draw, survivor to take all," which complied with section 249, subdivision 3, of the Banking Law. On September 21, 1931, which was shortly before the intestate's death, he had this joint account changed to one in his own name individually and at the time of his death said account so stood. Katherine Baker claims half of this money as a joint tenant. Whatever there may be in her contention based upon the manner and form in which the account was originally opened, it is negatived by the change made by him in 1931 to his individual name. I, therefore, hold that the bank account is the property of the estate. Proceed accordingly.