In the Matter of the Estate of CHARLES W. LEDBROOK, Deceased.

Surrogate's Court, New York County, April 1, 1933.

*Arthur M. Saypol*, for the administratrix.

*Rose Helen Paders*, for the petitioner.

*David Ravin*, for Mary E. Ledbrook.

DELEHANTY, S. Petitioner alleges that she is the widow of deceased and seeks on that basis to vacate letters heretofore issued

to a daughter of deceased. She predicates her claim upon a so-called "common-law" marriage to deceased and has produced evidence from which she asks the court to draw the inference that in fact a marriage existed between her and deceased. That proof, when examined in the light of other facts developed by respondent, is wholly unsatisfactory. Even assuming that petitioner was free to marry, the proof is insufficient.

However, there exists a complete bar to petitioner's application in the fact that prior to the alleged marriage with deceased, petitioner entered into a ceremonial marriage with one Walsh. Petitioner testifies that Walsh, whom she married in October, 1918, left the marital residence about a week thereafter and that she has not seen him since. She states that she has never procured a divorce nor a dissolution of her marriage. She testified that she did not know whether Walsh was now living or dead but asserted that she had heard years ago from some friend that Walsh had been involved in an accident in New Jersey and had died as a result thereof. Since the amendment of 1922 to section 6 of the Domestic Relations Law, a marriage entered into with another by one whose spouse is living is absolutely void. Since that amendment, good faith in entering into the new alliance is of no importance nor is the mere absence of the spouse sufficient to render the second marriage merely voidable. The presumption of the continuance of life of the husband Walsh and, hence, the presumption of the continuance of the original marriage of petitioner, is sufficient to destroy her claim to be the widow of deceased. Her proof that she heard a rumor of the death of Walsh falls far short of the requirements resting upon her. (*Butler* v. *Mutual Life Ins. Co.*, 225 N. Y. 197.) The burden was on petitioner to establish as a fact the death of Walsh. She has not done so. This court has consistently ruled against claims such as that here made by petitioner and has refused recognition of an alleged second marriage unless death of the first spouse has been proved or the first marriage shown to have been dissolved pursuant to section 7-a of the Domestic Relations Law, before the alleged subsequent marriage. (*Matter of Kennedy*, N. Y. L. J. Aug. 14, 1931; *Matter of Siebert*, Id. June 11, 1931; *Matter of Gallagher*, 146 Misc. 112.) The cases cited in behalf of petitioner are wholly beside the point since they relate to alleged marriages antecedent the amendment of 1922.

Application to revoke letters denied.